Alexander FREEMAN, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16709.

United States Court of Appeals
Ninth Circuit.

July 25, 1960.

Walter L. Gordon, Jr., Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Wm. Bryan Orsborne, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS and MERRILL, Circuit Judges, and POWELL, District Judge.

PER CURIAM.

Appellant (Alexander Freeman, Jr.) and Rochelle Giles Watson, also known as Nellie Watson, were indicted in the United States District Court for the Southern District of California, Central Division. The indictment was in three counts. Counts 1 and 2 charged violations of 26 U.S.C.A. § 4705(a) [1] by appellant. Count 3 charged a violation of 26 U.S.C.A. § 4705(a) by appellant and Watson.

Appellant was arraigned, pleaded not guilty, had a jury trial and was found guilty on each count of the indictment. A judgment of conviction was entered, sentencing appellant to be imprisoned 20 years on each count, the sentences to run

1. Penalties for violating 26 U.S.C.A. § 4705(a) are provided in 26 U.S.C.A. § 7237(b).

concurrently. This appeal is from that judgment.

▆ Appellant's brief does not, as required by our Rule 18, 28 U.S.C.A., contain a specification of errors relied upon. It does, however, contain a statement entitled "Appellant's Specification of Error." The statement reads as follows:

"I. The appellant contends that the trial judge excelled in the use of sarcasm and ridicule at the trial and that he singled out the appellant's attorney [2] as the butt of his verbal forays, and that the judge's efforts in this direction thwarted the appellant from having and receiving a fair trial.

"II. The appellant contends that by reason of the conduct of the trial judge in interrupting the cross-examination of a very vital witness, Caffey,[3] that the trial judge's hostile attitude toward the defense tended to rehabilitate and point the way for the witness to escape being destroyed during the cross-examination. That the trial judge lacked impartiality during the course of the trial and influenced the jury and thereby deprived [appellant] from having a fair trial."

This, obviously, is not a specification of errors, but is merely a statement of appellant's contentions.

▆ There is no merit in these contentions. The record shows that, from time to time during the trial, the judge made comments and questioned witnesses, but it does not show that he used sarcasm or ridicule, or that he made any verbal foray, or that appellant's attorney was the butt of any such foray, or that the cross-examination of Caffey was improperly interrupted, or that the judge was hostile to appellant, or that the judge lacked impartiality, or that the jury was improperly influenced, or that appellant was prevented from having a fair trial. Instead, the record shows that he had a fair trial.

Judgment affirmed.

2. Not appellant's present attorney.

3. Al Caffey, a Government witness.